**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Daniel DONSKY, Respondent.**

**No. 96–SC–303–KB.**

Supreme Court of Kentucky.

June 20, 1996.

---

**OPINION AND ORDER**

This cause having come before the Court for review wherein the Board of Governors of the Kentucky Bar Association adjudged the Respondent guilty of three counts of professional misconduct in his representation of a client, Mitchell Jackson, in a criminal matter pending in the Jefferson Circuit Court.

More specifically, Count one charges Respondent with violating SCR 3.130–1.3 for failure to arrange a "line-up", for failure to obtain relevant lab tests, and for failure to make a motion for bond reduction, despite his client's repeated request to do each.

SCR 3.130–1.3 provides "[a] lawyer shall act with reasonable diligence and promptness when representing a client." It is alleged that Respondent's conduct violated this rule.

Count two holds Respondent in violation of SCR 3.130–1.4(a) and (b) for failure and refusal to communicate with his client concerning the status of representation of the legal matter entrusted to him. For over a five-month period the client made numerous attempts to contact Respondent at his office and home, however Respondent refused to return client's calls and failed to provide him information about the status of his case.

Count three charges Respondent with violation of SCR 3.130–1.16(d) for his failure to take significant action on behalf of his client and failure to refund attorney's fee paid but unearned in the amount of $500.00.

The Kentucky Bar Association sent a certified letter containing the above charges to Respondent and its receipt shows Respondent to have received the same. Despite this notice, Respondent has failed to file an answer to the above charges and has in no way or manner tried to respond to any of the above allegations.

Upon our review of the record, we find that the evidence adequately supports the findings and recommendations of the Kentucky Bar Association, and we adopt its recommendation that Respondent be suspended from the practice of law for a six-month period of time to run concurrently with charges pending in 96–SC–305–KB.

IT IS THEREFORE ORDERED:

That the Respondent, Daniel Donsky, be and is hereby suspended from the practice of law in Kentucky for a period of six months, and until such further time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

The Respondent is directed to pay restitution to his client in the amount of $500.00,

and is directed to pay the costs of this action in the amount of $132.74.

Pursuant to SCR 3.390, the Respondent shall within ten days of the date of the entry of this order notify all clients in writing of his inability to represent them and to furnish photostatic copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

Entered: June 20, 1996.

/s/ Robert F. Stephens
Chief Justice